

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2005

# Shelley v. Sprowls

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1909

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Shelley v. Sprowls" (2005). *2005 Decisions*. Paper 747.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/747

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-259                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1909
_____

BARRY E. SHELLEY,

Appellant

v.

TPR. TIMOTHY SPROWLS, STATE POLICE, SOMERSET, PA;
TPR. JEFFERY FLOWERS, STATE POLICE, SOMERSET, PA;
TPR. GARY BOYER, STATE POLICE, SOMERSET, PA;
TPR. EDWARD THOMAS, STATE POLICE, SOMERSET PA
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 01-cv-00226J)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 3, 2005

BEFORE: ALITO, McKEE and AMBRO, CIRCUIT JUDGES

(Filed :  August 2, 2005)

_____

OPINION
_____

PER CURIAM

In 2001, Barry E. Shelley filed suit against four Pennsylvania State Troopers for purportedly using excessive force and causing him serious injury during an arrest in 1999.  Because of Shelley's failure to comply with District Court orders and procedure, Defendants moved twice to dismiss Shelley's case for failure to prosecute.  The motions were denied, and, more than once, deadlines for Shelley to comply with discovery deadlines and to file a pretrial statement were reset.  Finally, Shelley was warned to file his pretrial statement on or before January 14, 2005, or face dismissal of his complaint.  When Shelley did not file his pretrial statement, the District Court, adopting the report and recommendation of a Magistrate Judge, dismissed Shelley's complaint for failure to prosecute.  Shelley appeals and moves for appointment of counsel.

Shelley's appeal must be dismissed because it has no arguable basis in fact or law.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) (2005); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Under the circumstances, dismissal was a justifiable sanction for Shelley's failure to prosecute his case.  The District Court did not abuse its discretion in weighing the following six relevant factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  *See also Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988)

2

(holding that not all *Poulis* factors must weigh in favor of dismissal).

The evaluation of the first *Poulis* factor supports the District Court's decision. The responsibility for Shelley's failure to prosecute falls on him, as he proceeded *pro se*. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002).

Second, Shelley prejudiced his adversaries by failing to comply with scheduling orders and by failing to provide information relevant to his claim. He did not respond to discovery requests. He did not file a pretrial statement (and he did not explain why not). As the Magistrate Judge noted, because Shelley provided, in his complaint, a narrative of the alleged use of excessive force, he mainly needed to supply a report of his medical treatment and records relevant to the injuries he claimed to have suffered. *See* W.D.PA.LR. 16.1.4. With the passage of time (approximately five years since the alleged incident and three and a half years since the filing of the complaint), memories have dimmed, and the ability to trace the cause of Shelley's injuries, if any, has decreased.

Also, the District Court record shows a history of dilatoriness, which is "intolerable." *See Poulis*, 747 F.2d at 868. More than once, the District Court reset the deadline for Shelley to comply with discovery obligations and to file a pretrial statement. For instance, in June 2003, Shelley was warned to file his pretrial statement on or before July 31, 2003. At the end of August 2003, after he had not filed his pretrial statement or responded to Defendants' motion to dismiss, he was given an additional ten days to file

his pretrial statement. He did not comply with the earlier orders just as he did not respond to his final warning to file his pretrial statement on or before January 14, 2005, or face dismissal of his complaint. Also, although some of the delay in deposing Shelley is attributable to Defendants or factors outside of the parties' control, it appears that Shelley contributed to the delay by not appearing for his deposition when it was initially scheduled. His history of dilatoriness is also shown by the District Court's difficulty in trying to contact Shelley, who was paroled from prison and was transferred from one prison to another without notifying the Court of his new addresses.[1]

It is unclear whether Shelley's conduct was willful or in bad faith. In a letter sent to Defendants (and attached to a motion filed by them), Shelley conceded that he wished to stop proceeding with his suit until he was released from prison sometime between 2004 and 2008. However, Shelley has also noted the difficulty in maintaining his civil action without counsel and while incarcerated.

An order assessing a monetary penalty for Shelley's noncompliance with orders and procedural requirements and its resulting prejudice to Defendants was inappropriate, because Shelley did not have the funds to satisfy such an order. *See Emerson*, 296 F.3d

---

[1]Furthermore, he did not keep the District Court apprised of his new addresses even after the Magistrate Judge found a self-addressed envelope with Shelley's papers and wrote him a letter to make him aware of the importance of filing a proper change of address form with the District Court Clerk, after Shelley had failed to notify the District Court of first changed address.

4

at 191. Although dismissal is an extreme remedy, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Dismissal must be judged in the context of the District Court's extended contact with the litigant. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

As for the final *Poulis* factor, Shelley stated a claim for relief in his complaint, but, without supporting documentation, it is unclear whether he or Defendants would succeed on the merits.

For the foregoing reasons, and particularly because of Shelley's pattern of uncooperativeness, the District Court's order of dismissal was unremarkable. *See Moon*, 863 F.2d at 837. Under the deferential standard of review that governs, the District Court did not abuse its discretion. *See Poulis*, 747 F.2d at 870. Accordingly, because any argument to the contrary would be without a sound legal basis, we will dismiss Shelley's appeal as frivolous. His motion for appointment of counsel is denied.